IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
PETER MARCHESE, Individually, and
PETER MARCHESE, Derivatively on Behalf of
Nominal Defendant, UNION BUILT PC., INC.,

    Plaintiffs,

-against-

RUDY KOCH and BRANDON WEBER,

    Defendants

and

UNION BUILT PC, INC.,

    Nominal Defendants.
-----------------------------------------------------------------X

Case No.:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 02 2009 ★
LONG ISLAND OFFICE

CV-09 4723

FEUERSTEIN, S
BOYLE, M.

## NOTICE OF REMOVAL

Pursuant to Article III, Section 2 of the U.S. Constitution, 28 U.S.C. § 1332, and 28 U.S.C. §§ 1441(a) and (b), and other applicable law, Defendants, Rudy Koch, Brandon Weber and Union Built PC, Inc. (collectively "Defendants"), remove the above-captioned lawsuit from the Supreme Court of the State of New York, County of Suffolk, in which it currently is pending, to the United States District Court for the Eastern District of New York. As grounds for the removal of this case, Defendants state as follows:

1.     On September 15, 2009, Plaintiff, Peter Marchese ("Marchese"), filed a Complaint in the Supreme Court of the State of New York, County of Suffolk captioned as *Marchese et al. v. Koch et al.*, Index No. 09-37050 (Supreme Court of the State of New York, County of Suffolk) (the "State Lawsuit"). A copy of the Complaint is appended to this Notice as **Exhibit "A"**.

2. Plaintiff and Defendants, Rudy Koch ("Koch") and Brandon Weber ("Weber") are each 33.33% owners of Defendant, Union Built PC, Inc. ("Union Built"), a Maryland corporation. Compl. ¶¶ 3, 17.

3. The Complaint arises out of financial and decision-making arrangements between Plaintiff Koch and Weber with respect to Union Built. Compl. ¶¶ 38-50.

4. Through his five-count Complaint, Plaintiff purports to assert claims for Breach of Fiduciary Duty (Count I), Breach of Contract (Count II), Conversion (Count III), Accounting (Count IV), and a claim under New York Business Corporation Law § 626, providing for a shareholder derivative action (Count V). Compl. ¶¶ 52-92.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, which provides United States District Courts with original jurisdiction over civil actions where the matter is controversy exceeds the sum of value of $75,000 (Seventy-Five Thousand Dollars), exclusive of interest and costs, and is between citizens of different states.

6. Plaintiff is a resident of the State of New York.

7. Union Built is a corporation organized under the laws of the State of Maryland, with its principal place of business in the State of Maryland. Therefore, pursuant to U.S.C. § 1332(c)(1), Union Built is a citizen of the State of Maryland for purposes of diversity jurisdiction.

8. Koch is a resident of Ocean City, Maryland, and therefore a citizen of the State of Maryland for purposes of diversity jurisdiction.

9. Weber is a resident of Southfield, Michigan, and therefore a citizen of the State of Michigan for purposes of diversity jurisdiction.

10. All known and properly joined parties to the action are citizens of different states.

11. Plaintiff asserts a right to an award of damages in a sum not less than $107,902.15. Compl. ¶ 15. Therefore, the amount in controversy exceeds $75,000.

12. The United States District Court for the Eastern District of New York is the federal judicial district embracing the Supreme Court of the State of New York, County of Suffolk, where suit was originally filed. Venue is thus proper under 28 U.S.C. § 100(2).

13. All Defendants named in a state court action, and who have been served, must consent to removal. 28 U.S.C. § 1446(a). The undersigned counsel represents all Defendants in this action, and all consent to the removal of this action. Thus, all Defendants served in the State Lawsuit consent to its removal to the United States District Court for the District of Maryland, Northern District.

14. Defendants have attached hereto a copy of all process, pleadings and orders served in the state court action as required by 28 U.S.C. § 1446(a). (See, **Exhibit "A"**.)

15. Contemporaneous with the filing of this Notice of Removal, Defendants will provide written notice thereof to Plaintiff's counsel, and file and serve a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of Suffolk, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, Rudy Koch, Brandon Weber and Union Built PC, Inc., respectfully request that this matter be removed from the Supreme Court of the State of

New York, County of Suffolk, that this Court exercise jurisdiction over this action, and that the Court grant Defendants all other appropriate relief.

                                  Respectfully submitted,

                        BERKMAN, HENOCH, PETERSON & PEDDY, P.C.

By: _____
      Andrew M. Roth
Attorneys for Defendants
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------X
PETER MARCHESE, Individually, and PETER
MARCHESE, Derivatively on Behalf of Nominal
Defendant, UNION BUILT, P.C.,

                       Plaintiff,

- against -

RUDY KOCH and BRANDON WEBER,

                       Defendants

UNION BUILT PC, INC.

                       Nominal Defendant.
-----------------------------------------------------------X

Index No.: 09-37050

Plaintiff Designates:
COUNTY OF SUFFOLK
as the Place of Trial

The basis of the Venue is
Plaintiff's Place of Business

**SUMMONS**
Plaintiff's Place of Business is
148 Trouville Road
Copiague, NY 11726

FILED SEP 15 2009

**TO THE ABOVE NAMED DEFENDANTS:**

    YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of New York, at the office of the Clerk of the said Court located at 310 Center Drive, Riverhead, New York 11901, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is completed if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: September 11, 2009

                                              Mitchell Pollack & Associates PLLC

                                        By.: _____
                                          Eileen M. Burger, Esq.
                                          Attorneys for Plaintiff,
                                          150 White Plains Road, Suite 310
                                          Tarrytown, NY 10591
                                          (914) 332-0700

<u>To:</u>
Rudy Koch
716A Bradley Road
Ocean City, Maryland 21842

Brandon Weber
27685 Red Leaf Lane
Southfield, Michigan 48076

Union Built PC Inc.
716A Bradley Road
Ocean City, Maryland 21842

Case 2:09-cv-04723-SJF-ETB   Document 1   Filed 11/02/09   Page 8 of 13 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------X
PETER MARCHESE, Individually, and PETER
MARCHESE, Derivatively on Behalf of Nominal　　　Index No.: 09-37050
Defendant, UNION BUILT PC, INC.

                        Plaintiffs,　　　**VERIFIED COMPLAINT**

   -against-

RUDY KOCH and BRANDON WEBER,

                       Defendants,

   and　　　　　　　　　　　　　　　　　　　　　　FILED SEP 15 2009

UNION BUILT PC, INC.,

                       Nominal Defendant.
----------------------------------------------------------------

      The Plaintiff, PETER MARCHESE, Individually, and PETER MARCHESE, Derivatively on behalf of UNION BUILT PC, INC., by and through its attorneys, Mitchell Pollack & Associates, PLLC, as and for a Verified Complaint against the Defendants, RUDY KOCH and BRANDON WEBER, and Nominal Defendant, UNION BUILT PC, INC., hereby alleges as follows:

## THE PARTIES

1.    The Plaintiff, PETER MARCHESE ("Marchese"), is and was at all relevant times, a resident of Suffolk County, New York.

2.    The Plaintiff, Marchese, is and was at all relevant times, a 33.33% shareholder and the Treasurer of nominal Defendant, UNION BUILT PC, INC. ("Union Built PC" or "the Corporation").

3.    Nominal Defendant, Union Built PC, is a foreign corporation duly organized and existing under the laws of the State of Maryland with its principal place of business at 716A Bradley Road, Ocean City, MD 21842.

4. Union Built PC is in the business of; *inter alia*, computer and networking consulting, training, sales and service. Union Built PC supplies goods and services within the state of New York.

5. Union Built PC maintains its East Coast Regional Office in the state of New York with an address for business at 148 Trouville Road, Copiague, New York 11726.

6. Union Built PC transacts and solicits business in the state of New York and derives substantial revenue from goods used and services rendered in the state of New York.

7. Union Built PC advertises on its website that it has built and maintained the content and applications related to websites of various unions located in the state of New York and utilizes its website to solicit product sales and services to unions located in New York and organizations affiliated with such unions in New York.

8. The Defendant, Rudy Koch ("Koch"), is currently a resident of Ocean City, Maryland in Worchester County.

9. The Defendant, Koch, is and was at all relevant times, a 33.34% shareholder and the President of nominal Defendant, Union Built PC.

10. At all times relevant to this action, the Defendant, Koch, transacted and solicited business, on behalf of Union Built PC, in the State of New York, including but not limited to, the sale and/or repair of computer products, parts, software and peripherals within the state of New York.

11. At all times relevant to this action, the Defendant, Koch, derived substantial revenue, proceeds and compensation from the goods used and sold and the services rendered in the state of New York.

12. The Defendant, Brandon A. Weber ("Weber"), is currently a resident of Southfield, Michigan in Oakland County.

13. The Defendant, Weber, is and was at all relevant times, a 33.33% shareholder and the Secretary of nominal Defendant, Union Built PC.

14. At all times relevant to this action, the Defendant, Weber, transacted and solicited business, on behalf of Union Built PC, in the State of New York, including but not limited to, overseeing sales and training and obtaining commissions from sales and services provided in central New York.

15. At all times relevant to this action, the Defendant, Weber, derived substantial revenue, proceeds and compensation from the goods used and sold and the services rendered in the state of New York.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16. On or about October 9, 2001, the Defendant, Koch, formed Union Built PC and was the sole shareholder of the Corporation.

17. On or about January 1, 2002, an Articles of Amendment was filed and the Plaintiff, Marchese, and the Defendant, Weber, each obtained a 33.33% interest in Union Built, PC.

18. Pursuant to the parties' written and oral agreements relating to the transfer of ownership interest in Union Built PC, Marchese is entitled to a minimum one-third interest, with all rights thereto, in the Corporation, including the right to vote in the election of directors of the Corporation.

19. The Plaintiff contributed significant capital, labor and resources to acquire his interests in the Corporation and to sustain the Union Built PC business.

20. Pursuant to the parties' written and oral agreements relating to the transfer of ownership interest in Union Built PC, the shareholders set up the Corporation so that all shareholders were employed by the corporation; a portion of the profits were to be distributed as

salary and/or distributions; a portion of the profits were to be paid as commissions and expenses were to be reimbursed.

21. Pursuant to the parties' written and oral agreements relating to the transfer of ownership interest in Union Built PC, the shareholders set up the Corporation so that all shareholders participated in the management of the company and the perks/benefits of ownership were to be equal.

22. Pursuant to the parties' written and oral agreements relating to the transfer of ownership interest in Union Built PC, medical benefits for the Defendants, Koch and Weber, were paid by the Corporation. Since the Plaintiff, Marchese, did not require medical benefits, the Plaintiff requested that the Corporation compensate him for such expenditures in another manner such as eye-care benefits, but Koch and Weber refused.

23. On or about January 1, 2002, Marchese, Koch and Weber were each named officers/directors of the Corporation as set forth above and maintained such positions at all times mentioned in this Complaint and during the commission of all the acts described herein.

24. In his role as President of Union Built PC, the Defendant, Koch, has a duty to perform his duties in good faith and with the degree of care that an ordinarily prudent person in a like position would use under similar circumstances.

25. In his role as Secretary of Union Built PC, the Defendant, Weber, has a duty to perform his duties in good faith and with the degree of care that an ordinarily prudent person in a like position would use under similar circumstances.

26. By reason of their positions as officers/directors of Union Built PC, the Defendants, Koch and Weber, owed the Corporation and, more particularly, Marchese, the fiduciary obligations of good faith, trust, loyalty and due care, and were required to use their utmost ability to control and manage the Corporation in a fair, just, honest and equitable manner.

27. By reason of their positions as officers/directors of Union Built PC, the Defendants, Koch and Weber, were and are required to act in furtherance of the best interests of the Corporation and, more particularly, Marchese, so as to benefit all shareholders fairly and equally and not in furtherance of their personal interests or benefit.

28. Each director and officer of a Corporation owes to the Corporation and its shareholders, including Marchese, the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Corporation, in the use and preservation of its property and assets, and with the highest obligations of fair dealing.

29. Shareholders of a closely held Corporation owe each other a duty to act with candor, prudence, fairness, honesty of purpose and in good faith and to exercise good judgment in the management of the Corporation.

30. The relationship of the shareholders of the Corporation is a fiduciary one and Koch and Weber owed Marchese a fiduciary duty not to engage in oppressive actions toward him as a minority shareholder.

31. In or about June 2006, Union Built PC was in need of additional capital and the Plaintiff agreed to lend the Corporation $15,000.00. From 2002 through 2006, the Plaintiff deferred reimbursement for expenses, which he was duly owed in the amount of $66,927.00. In order to reflect the monies duly owed Marchese, the parties agreed to execute a Promissory Note in the amount of $81,927.00.

32. On or about July 1, 2006, Union Built PC executed a Promissory Note ("the Note") in the amount of $81,927.00 payable to Marchese with interest thereon at the rate of 4%.

33. Pursuant to the Note, the interest was to be paid annually on the anniversary date of the Note, until paid in full.

34. Pursuant to the Note, the entire principal sum, together with all interest accrued and unpaid thereon, was payable at the minimum rate of $1,000.00 per month. The Corporation made payments of $1,000.00 per month for about ten months and then the payments ceased altogether.

35. In or about early 2009 and continuing, the Defendant, Koch, and the Defendant, Weber, (hereinafter "the Majority Shareholders") began making decisions regarding the Corporation without consulting Marchese and freezing Marchese out of certain company business determinations.

36. In or about 2006 and continuing, the Majority Shareholders began dispersing commissions and expense reimbursement payments unequally to the detriment of Marchese and to the benefit of the Majority Shareholders.

37. When the Plaintiff initially invested in the corporation, he received regular commission payments and reimbursement for his expenses in connection with his management, labor and contributions to the business.

38. While the Majority Shareholders continue to receive substantial benefits from the Corporation through commissions, expense reimbursements and benefits, the Plaintiff has received minimal return on his investment for over three years commencing in 2006.

39. While the Majority Shareholders continue to receive substantial benefits from the Corporation through commissions, expense reimbursements and benefits, the Corporation has not made its regular payments toward the principal and interest on the Plaintiff's Promissory Note as agreed.

40. In or about January 2009, the Majority Shareholders failed to provide the Plaintiff, Marchese, with notice of a shareholder and/or corporate meeting. Since such time,